IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 30 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| EBONI DIONNE PALMER, SUI JURIS | § | |
| IN THE INTEREST OF EBONI | § | |
| DIONNE PALMER 6812 GARY LANE | § | |
| FORT WORTH TEXAS 76112 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-430-A |
| | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the notice of removal filed in the above-captioned action by defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo Bank, N.A. ("Wells Fargo"). The remaining defendants, Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), and Jack O'Boyle & Associates ("O'Boyle"), have consented to the removal. Having reviewed the notice of removal and state court documents attached thereto, the record in a prior case adjudicated in this court between the same parties, and applicable legal authorities, the court concludes that this action should be dismissed on grounds

of res judicata.[1]

I.

Background and Facts

Prior to filing the above-captioned action, plaintiff initiated another action ("prior action") by filing her original petition in the District Court of Tarrant County, 236th Judicial District, naming as defendants Wells Fargo and Freddie Mac. Wells Fargo and Freddie Mac removed the prior action to this court on March 8, 2013, and, following removal, the court ordered plaintiff to file an amended complaint that complied with Rule 8(a), Rule 10, and if applicable, Rule 9 of the Federal Rules of Civil Procedure. No. 4:13-CV-187-A (Mar. 18, 2013). On May 2, 2013, plaintiff filed an amended complaint in the prior action, and added Barrett Daffin and O'Boyle as defendants. Plaintiff sought to quiet title on the property she allegedly owns and to enjoin defendants from evicting her, and she accused defendants of various misdeeds related to the lien on her property and of violations of a consent judgment. On May 6, 2013, the court determined that the amended complaint failed to allege any facts that could establish a plausible right to relief, and dismissed

---

[1] The court notes that, even if res judicata did not apply to this action, plaintiff fails to allege any facts that could support a claim for relief under any legal theory, and this action would be dismissed for failure to state a claim upon which relief may be granted.

all of plaintiff's claims and causes of action against all defendants with prejudice.

On April 29, 2013, plaintiff initiated the instant action by filing another petition in the District Court of Tarrant County, Texas, 236th Judicial District, as Cause No. 236-265612-13, naming the same defendants and alleging similar claims regarding the same property. In this action, plaintiff alleges that she is facing eviction from the property, and alleges that her property has been wrongfully foreclosed upon and that defendants are in contempt of consent judgment orders. Plaintiff seeks injunctive relief and monetary damages.

II.

Analysis

A.  Standard of Review

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. See Kan. Reinsurance Co. v. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994). In making such a ruling, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003); In addition, the court may take judicial notice of the record in a

prior related proceeding over which it presided, and may dismiss a complaint sua sponte under principles of res judicata. Arizona v. California, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised."). Dismissal is proper when a plaintiff's complaint conclusively establishes the affirmative defense of res judicata, even if a defendant has not raised the defense, when both actions were brought in the same district. Carbonell v. La. Dep't of Health & Human Res., 772 F.2d 185, 189 (5th Cir. 1985).

B.   Application of the Standard to This Action

The court concludes that it is readily apparent from the face of the petition that the elements of res judicata are met, and that this action must be dismissed.

Under Fifth Circuit law, "res judicata is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior

4

action. <u>Nilsen v. City of Moss Point</u>, 701 F.2d 556, 561 (5th Cir. 1983). Under <u>res judicata</u>, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. <u>Test Masters Educ. Servs., Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by <u>res judicata</u>. <u>Procter & Gamble</u>, 376 F.3d at 499. In <u>Nilsen</u>, the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or <u>could have been</u> advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated.

<u>Nilson</u>, 701 F.2d at 560 (emphasis in original). <u>See also</u> <u>Matter of Howe</u>, 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of

5

operative facts."); Petro-Hunt, LLC v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004) (prior judgment's preclusive effect extends to all rights of plaintiff "with respect to all or any part of the transaction, or series of transactions, out of which the [original] action arose.").

In this case, all four elements of res judicata are met. First, the same plaintiff has brought an action against the same four defendants in both lawsuits. Second, the judgment in the prior action, No. 4:13-CV-187-A, was rendered by this court, which is a court of competent jurisdiction. Third, the prior action was concluded by a final judgment on the merits, as all claims and causes of action in the prior action were dismissed with prejudice for failure to state a claim upon which relief may be granted. Fourth, the claims and causes of action raised by plaintiff in both actions were related to plaintiff's interest in the same property and revolved around plaintiff's belief that defendants had acted wrongfully in relation to the lien on her property and in attempting to foreclose on her property. Thus, all of plaintiff's claims in the instant action could have been brought in the prior action, and must be dismissed.

III.

Order

Therefore,

The court ORDERS that all claims and causes of action purportedly brought by plaintiff against defendants be, and are hereby, dismissed with prejudice.

SIGNED May 30, 2013.

JOHN McBRYDE
United States District Judge